UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

MARQUISE WHITE,

        Plaintiff,

v.

        Case No. 1:21-cv-201

MICHIGAN DEPARTMENT OF
CORRECTIONS,

        Hon. Hala Y. Jarbou

        Defendant.
_____/

## ORDER TO VACATE JUDGMENT, TO PROCEED *IN FORMA PAUPERIS*, AND TO FILE AN AMENDED COMPLAINT

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. On March 15, 2021, the Court ordered Plaintiff within 28 days to either pay the filing fee or file the required documents to proceed *in forma pauperis*. (ECF No. 2.) The Clerk of the Court mailed the order to Plaintiff on multiple occasions, but the order was returned as undeliverable. (ECF Nos. 3–6.) After nearly three months had passed and Plaintiff had no contact with the Court, the Court dismissed Plaintiff's case for lack of prosecution in an order and judgment filed on June 8, 2021. (ECF Nos. 7, 8.) Presently before the Court are Plaintiff's motion for reconsideration (ECF No. 9), which the Court construes as a motion to alter or amend judgment under Rule 59(e), and Plaintiff's application to proceed *in forma pauperis* (ECF No. 10).

**I.    Alter or amend judgment**

Plaintiff asks the Court to vacate its judgment because Plaintiff did not receive a copy of the Court's March 15, 2021, order until June 4, 2021. Plaintiff further asserts that he was out of his prison on a writ to Wayne County Jail from April 12, 2021, until June 3, 2021.

As the Sixth Circuit summarized in *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 833–34 (6th Cir. 1999), motions to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *See also ACLU v. McCreary Cnty.*, 607 F.3d 439, 450 (6th Cir. 2010). Plaintiff's motion invokes the last of these grounds.

Plaintiff was temporarily displaced from the facility where the Clerk had sent the Court's order, and Plaintiff states that the MDOC did not give him any of his mail during that period. Accordingly, the Court will grant Plaintiff's motion and vacate the order and judgment dismissing his case.

## II.     *In forma pauperis*

Plaintiff has also sought leave to proceed *in forma pauperis* in compliance with 28 U.S.C. § 1915(a). The Court grants his motion. The Court must nevertheless require payment of the entire filing fee in installments, in accordance with 28 U.S.C. § 1915(b)(1). *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled in other part by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *Hampton v. Hobbs*, 106 F.3d 1281 (6th Cir. 1997). The civil action filing fee is $350.00 when leave to proceed *in forma pauperis* is granted. Any subsequent dismissal of Plaintiff's case, even if voluntary, does not negate Plaintiff's responsibility to pay the fee. *McGore*, 114 F.3d at 607.

Plaintiff must pay a portion of the $350.00 fee as an initial partial filing fee. The initial partial filing fee is 20 percent of the greater of (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). According to

2

the certified copy of Plaintiff's prison trust account statement, Plaintiff had an average monthly deposit of $68.09. In this case, the average monthly deposit is greater than the average monthly balance. Twenty percent of Plaintiff's average monthly deposit is $13.61. Accordingly, Plaintiff must pay an initial partial filing fee of $13.61. The agency having custody of Plaintiff shall collect that amount from Plaintiff's trust fund account and send it to the address listed at the end of this order.

Plaintiff must pay the remaining amount of the filing fee through monthly payments of 20 percent of the preceding month's income credited to Plaintiff's prison trust fund account. *See* 28 U.S.C. § 1915(b)(2). These payments will be forwarded by the agency having custody of Plaintiff to the Clerk of this Court each time the amount in Plaintiff's trust account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2); *McGore*, 114 F.3d at 607; *Hampton*, 106 F.3d at 1284. If the amount in Plaintiff's account is $10.00 or less, no payment is required for that month. *See Hampton*, 106 F.3d at 1284–85.

Before the case is served, the Court shall review the case under 28 U.S.C. §§ 1915(e), 1915A and/or 42 U.S.C. § 1997e(c)(1) as appropriate. After the Court reviews the case, the Court will determine whether dismissal or service of process is appropriate and will fashion an order accordingly. Should the case be dismissed, voluntarily by Plaintiff or by the Court, Plaintiff shall remain responsible for the filing fee. *McGore*, 114 F.3d at 607. Any pleadings herein served by the United States Marshal shall be at the expense of the United States government. All costs shall be reimbursed to the United States should Plaintiff prevail.

Once service of process has been ordered, Plaintiff shall serve upon Defendant, or if an appearance has been entered by an attorney, upon the attorney, a copy of every further

3

pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date a true and correct copy of any document was mailed to Defendant or the attorney.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.  Further, Plaintiff shall promptly notify the Court of any change in address.  Failure to do so may result in the dismissal of the action for lack of prosecution.

**III.    Amend the complaint**

The Court further notes that Plaintiff failed to file his complaint on the requisite form.  All civil rights complaints brought by prisoners must be submitted on the form provided by this Court.  *See* W.D. Mich. LCivR 5.6(a).  If Plaintiff wishes to proceed with his action, he must carefully fill out the form and submit it to the Court.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (ECF No. 9), which the Court construes as a motion to alter or amend judgment under Rule 59(e), is **GRANTED**.  The Court's order and judgment (ECF Nos. 7, 8) are **VACATED**.

**IT IS FURTHER ORDERED** that leave to proceed *in forma pauperis* is **GRANTED**.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect the initial partial filing fee of $13.61 from Plaintiff's trust fund account and remit that amount to the Clerk of this Court within twenty-eight (28) days of the date of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect the remainder of the $350.00 filing fee.  As outlined above, each month that the amount in

Plaintiff's trust account exceeds $10.00, the agency shall collect 20 percent of the preceding month's income and remit that amount to the Clerk of this Court. The agency shall continue to collect monthly payments from Plaintiff's prisoner account until the entire remaining filing fee is paid.

**IT IS FURTHER ORDERED** that Plaintiff submit an amended complaint by filing his complaint on the requisite form. The Court directs the Clerk to send to Plaintiff a copy of the form complaint under 42 U.S.C. § 1983 for a civil action by a person in state custody. Plaintiff shall file his amended complaint within twenty-eight (28) days from the date of entry of this order. The amended complaint will take the place of the original complaint, so it must include all of the Defendants that Plaintiff intends to sue and all of the claims that Plaintiff intends to raise. Plaintiff need not re-submit supporting exhibits filed with the original complaint. The case number shown above must appear on the front page of the amended complaint. If Plaintiff fails to submit an amended complaint in proper form within the time allowed, the Court may dismiss the complaint without prejudice.

Dated:   July 14, 2021                            /s/ Hala Y. Jarbou
                                                  HALA Y. JARBOU
                                                  UNITED STATES DISTRICT JUDGE

**SEND REMITTANCES TO**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court" and must indicate the case number in which the payment is made.**