UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MARQUISE WHITE,

        Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS,

        Defendant.
_____/

Case No. 1:21-cv-201

Honorable Hala Y. Jarbou

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Background

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the St. Louis Correctional Facility (SLF) in St. Louis, Gratiot County, Michigan. The

events about which he complains, however, occurred at the Charles Egeler Reception & Guidance Center (RGC) in Jackson, Jackson County, Michigan. Plaintiff sues the MDOC.

When he initiated this action, Plaintiff failed to file his original complaint (ECF No. 1) on the requisite form as is required under Local Civil Rule 5.6(a). Plaintiff's original complaint lacked the format of a standard complaint, and he neither provided a caption nor listed defendants. He explained, "I am writing to you regarding the COVID-19 situation in the Michigan prison system." (ECF No. 1, PageID.1.) The remainder of his original complaint described general allegations about the MDOC. The MDOC was therefore identified as the defendant in this action.

On July 14, 2021, the Court ordered Plaintiff to file an amended complaint using the form. (ECF No. 11, PageID.26.) The requisite form, which the Clerk sent to Plaintiff, guides pro se plaintiffs to comply with the Federal Rules of Civil Procedure related to pleading. Therefore, in addition to directing Plaintiff to comply with the local rules, the Court's order served another purpose: to encourage Plaintiff to provide necessary information about his claim to determine whether he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2).

Notwithstanding the Court's order to file an amended complaint using the form, Plaintiff filed his amended complaint in the form of a letter. (ECF No. 13.) He explains that "the[] original form [he] received was destroyed and this is my Court respon[se.]" (*Id.*, PageID.32.) Plaintiff did not request a new form from the Court. Instead, his actions and the allegations contained in his filing suggest that he intends that his latest letter serve as his amended complaint. He explains, for example, that he initiated action "to elaborate on" issues, which he proceeds to discuss in the remaining two pages of his filing. (*Id.*, PageID.30–32.) Consequently, the Court will screen the amended complaint that Plaintiff has filed.

II.     **Factual allegations**

In his amended complaint, Plaintiff alleges that the MDOC put his health and safety at risk during the ongoing COVID-19 pandemic. He alleges that he came into proximity to prisoners who, at some point, had COVID-19, and he identifies several MDOC policies that he believes were breached. Within his discussion of COVID-19, Plaintiff includes a conclusory allegation that "[t]hey also denied my religious beliefs . . . . [a]nd I'm entitled to my religion at all times." (*Id.*, PageID.31.)

For relief, Plaintiff seeks damages.

III.    **Failure to state a claim**

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P.

3

8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

IV.     **Sovereign Immunity**

Plaintiff may not maintain a § 1983 action against the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See*, *e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010). In addition, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for

money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Harrison*, 722 F.3d at 771. Therefore, the Court dismisses the MDOC.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:   September 30, 2021                              /s/ Hala Y. Jarbou
                                                          HALA Y. JARBOU
                                                          UNITED STATES DISTRICT JUDGE